ROBERTSON, Presiding Justice,
for the Court:
S. & S. Dragline Service, Inc. (Dragline) appeals from a decree of the Chancery Court of Lincoln County dismissing its bill of complaint to confirm and quiet title to a .7 acre parcel of land and reform two deeds to correctly describe the land conveyed and granting the relief prayed for in the cross-bill of Mrs. Myrtle White Baker, Hollis White, Mitter R. White, Jessie N. White, Clara Mae White, Mary L. White, Arthur E. White, and James Wesley White, that they be declared the owners of an undivided %ths interest in the .7 acre parcel of land.
Although Dragline has assigned five errors which it contends were committed by the lower court in the trial of this cause, these five can be capsuled into this one:
Did the lower court misconstrue the quitclaim deed executed May 20, 1974, by seven of the eight brothers and sisters of the grantee, Willie E. White, by finding that it was the intent of the grantors to convey and the intent of the grantee to acquire a 3 acre parcel in the form of a square, rather than a 3.7 acre parcel *931 bounded by a paved public road on the northeast side and bounded by an abandoned railroad right of way on the south side?
The deed recited:
QUIT CLAIM DEED
For and in consideration of Ten Dollars ($10.00) cash in hand paid, and other good and valuable considerations, the receipt and sufficiency of same being hereby acknowledged, we, HOLLIS WHITE, JAMES WESLEY WHITE, MITTER R. WRITE, JESSIE N. WHITE, CLARA MAE WHITE, MARY L. WHITE, and ARTHUR E. WHITE, do hereby sell, convey and quit claim all our right, title and interest to WILLIE E. WHITE the following described land lying and being situated in Lincoln County, Mississippi and more particularly described as follows, to-wit:
Three (3) acres, more or less, situated in the Northwest Corner of SE Vi of NW lA, Section 3, Township 7 North, Range 9 East;
LESS AND EXCEPT: The grantors herein each reserve an undivided Vs interest in the oil, gas and minerals in, on and under said land, it being their intention to reserve in the aggregate an undivided Vs interest.
It is our intention to convey the lands previously owned by Mrs. Nathaniel White, our mother, in the SE Vi of the NW Vi of Section 3, Township 7 North, Range 9 East.
Robert 0. Allen of Brookhaven, Mississippi, testified that shortly after he began to practice law his friend, Willie E. White, approached him about working out a family settlement of property owned by his mother, Mrs. Nathaniel White, at the time of her death. Mrs. White, as had her husband many years before, had died intestate leaving nine adult children. No survey of the family property was made and Allen stated that he had a great deal of trouble trying to work up descriptions of the two parcels to be exchanged and conveyed. After extended negotiations and conferences, Allen prepared two quitclaim deeds (both dated May 20, 1974), to effectuate the family property settlement agreed upon by all the brothers and sisters, except Mrs. Myrtle White Baker. In one deed, Willie E. White, Hollis White and James Wesley White, conveyed and quitclaimed all their right, title and interest to Mitter R. White, Jessie N. White, Clara Mae White, Mary L. White and Arthur E. White, in 120 acres of land described as the “N Vs of NW Vi and NW Vi NE Vi of Section 3, Township 7 North, Range 9 East”, Lincoln County, Mississippi. This deed contained this further language:
“LESS AND EXCEPT: The grantors herein each reserve an undivided Vs interest in the oil, gas and minerals in, on and under said land, it being their intention to reserve in the aggregate an undivided % mineral interest.
“It is our intention to convey the lands previously owned by Mrs. Nathaniel White, our mother in the NW Vi and the NE Vi of Section 3, Township 7 North, Range 9 East.”
Allen testified that the reason he included this identical catch-all clause (except for the quarter section references) in the two quitclaim deeds:
“It is our intention to convey the lands previously owned by Mrs. Nathaniel White, our mother, in the SE Vi of the NW Vi of Section 3, Township 7 North, Range 9 East.”
was because no survey was made and he had been forced to use rather general descriptions in the two deeds. He felt that this “intention” clause would shed light on, and make certain, the descriptions in the two quitclaim deeds.
Allen also stated that it was his client’s (Willie E. White’s) intention to get, as a consideration for him executing the other quitclaim deed, the full parcel of land bounded on the northeast by a paved public road and on the south by an abandoned railroad right-of-way, which was all the land owned by his mother, Mrs. Nathaniel White, in the SE Vi of the NW Vi of Section 3, Township 7 North, Range 9 East, Lincoln County.
*932 Allen further testified that neither he, being the scrivener, nor his client, Willie E. White, being the grantee in the quitclaim deed from his seven brothers and sisters, ever intended for Willie to get exactly 3 acres in the form of a square in the northwest comer of the SE Vi of the NW Vi. Willie E. White had previously bought the 9.7 acre tract of land to the west of the 3.7 acres, and Allen explained that it was Willie’s intention to get access to the paved public road from this 9.7 acre parcel.
There were no fences on this 3.7 acre parcel and the actual topography of the land was such that it extended in an unbroken line from the 9.7 acre tract on the west to the paved public road on the northeast and to the abandoned railroad right-of-way on the south. No fences or markers of any kind indicated that the parcel was to be exactly 3 acres in the form of a square.
Further shedding light on the intent of all the parties is the fact that a 3-acre square would extend over and beyond that actually owned by Nathaniel White and later by his widow, Mrs. Nathaniel White, and still later by their nine children, into the right of way of the railroad company.
On August 27,1976, Mrs. Sarah R. White, the widow of Willie White, conveyed the 9.7 acre tract by warranty deed to Dragline. In the same deed, she attempted to convey the 3.7 acre parcel with this language:
“For said consideration, the undersigned Grantor does hereby convey and warrant specially unto said Grantee, the following described land and property situated in Lincoln County, Mississippi, to-wit:
Three (3) acres in NW corner of SE Vi of NW Vi of Section 3, Township 7 North, Range 9 East, subject to mineral reservation of %ths mineral interest reserved in deed dated May 20, 1974, recorded in Book 651, page 517.
“The Grantor is the widow and sole devisee of Willie E. White, under his will probated in Cause No. 18,371 in the Chancery Court of Lincoln County, Mississippi.”
Without having the 3.7 acre parcel surveyed, Dragline filed a Bill of Complaint for Partition against Mrs. Myrtle White Parker and bought in this parcel at the Commissioner’s sale. The commissioner’s deed, dated November 14, 1978, described the parcel in this way:
“Three (3) acres in the Northwest comer of SE Vi of NW Vi of Section 3, Township 7 North, Range 9 East, Lincoln County, Mississippi, less and except all of the oil, gas and minerals in, on and under said land.”
On March 12, 1979, Dragline had its two tracts surveyed by Jack W. Day. The survey used the paved road on the northeast as one boundary and the abandoned railroad right-of-way on the south as another boundary of the 3.7 acre tract.
Thereafter, on June 18, 1979, Mrs. Sarah R. White executed another deed to Drag-line, which deed recited in part:
“3.7 acres, more or less, in the NW corner of SE Vi of NW Vi of Section 3, Township 7 North, Range 9 East, bounded on the North by the North line of said SE Vi of NW Vi of said Section 3, bounded on the West by the West line of said SE Vi of NW Vi of said Section 3, bounded on the South and East by the North right-of-way line of an old abandoned railroad, and bounded on the North and East by the South and West right-of-way line of a public paved road, as surveyed by Jack W. Day, on March 12, 1979;
SUBJECT TO: %ths mineral interest previously reserved.
“The Grantor is the widow and sole devisee of Willie E. White, under his will probated in Cause No. 18,371 in the Chancery Court of Lincoln County, Mississippi.
“The undersigned conveyed a 3.0 acre parcel in the NW Vi of said SE Vi of NW Vi of said Section 3 to said Grantee on August 27, 1976, by deed recorded in Book 667, page 142, and it was the intention of the Grantor on said date, and it is the present intention of the Grantor, to convey to said Grantee the entire interest of the Grantor in said 3.7 acre parcel, as above described.”
*933 In Dunn v. Stratton, 160 Miss. 1, 133 So. 140 (1931), this Court said:
“It is the duty of courts in construing deeds to effectuate the intention of the parties, but, since deeds must be in writing, the intention must be found in the writing either by way of complete delineation of the description on the face of the deed or by dependable references therein made which, when applied, render the delineation complete. The sundry rules that have been formulated by the courts for the interpretation of descriptions are but aids in arriving at the probable true intention of the written instrument. These rules, so far as applicable to this case, may be summarized thus: In construing a deed, (1) effect must be given, if possible, to each item of the written contents and no item included in the deed as a part of the description is to be rejected as erroneous, or shall be varied, so long as it is reasonably possible to make all of them harmonize-, and (2) those parts which are the more certain and dependable as descriptive items will interpret those items which are the less certain and dependable, and, when it is necessary in order to satisfy and harmonize all items, the more certain will, if reasonably possible, draw to themselves those that are the less certain; and (3) if any item is to be rejected as impossible, or varied as erroneous, the item which is the less certain and about which it is the more probable the grantor was mistaken will be thus rejected or varied.” 160 Miss, at 7, 133 So. at 142. (Emphasis added).
We are very cognizant of the rule laid down by this Court in Frierson v. Shepard, 201 Miss. 603, 29 So.2d 726 (1947), that in order to modify or reform an instrument “such modification must be sustained by proof beyond a reasonable doubt.”
However, after considering all of the language of the quitclaim deed of May 20, 1974, from seven of the brothers and sisters of Willie E. White to him, we are of the opinion that the clear intent of the grantors and grantee was to convey all that their mother owned in the SE Vi of the NW Vi of Section 3. That is exactly what they said over their acknowledged signatures:
“It is our intention to convey the lands previously owned by Mrs. Nathaniel White, our mother, in the SE Vi of the NW Vi of Section 3, Township 7 North, Range 9 East.”
Robert Allen, the attorney and scrivener representing all the parties, except Mrs. Myrtle White Baker, in the family settlement evidenced by the two quitclaim deeds of May 20, 1974, testified clearly and positively that that was the reason he inserted in both quitclaim deeds the identical catch-all “intention” clause. The highly technical argument that their mother, Mrs. Nathaniel White, only owned a child’s part since their father, Nathaniel White, died intestate, does not impress us. The 3.7 acre tract was assessed to her, she paid the taxes on it over the years, and, even according to the testimony of the three defendants who testified, they considered' it her land and she exercised complete dominion over it.
The evidence is clear that, at the time the two quitclaim deeds were prepared by Robert Allen and signed and acknowledged by the grantors, neither Allen nor any of the defendants knew that their mother only owned a child’s part.
We do not think it logical or reasonable that Willie E. White would deliberately join in a family settlement that left a 9.7 acre tract which he had recently acquired completely land-locked. In fact, Robert Allen testified that Willie joined in the family settlement so he would get access to the paved public road and that that was his primary purpose in swapping out his interest in other lands for this parcel stretching from his 9.7 acre tract to the public paved road.
We do not think that Willie’s seven brothers and sisters intended to trick him out of this access by conveying him exactly three acres in the form of a square, nor do we think that they intended to convey part of the railroad right-of-way which neither they, nor their mother, nor their father owned at any time, but which would be *934 included if the parcel were in the form of a square.
We also do not think it logical or reasonable that the grantors intended to retain a very small oddly-shaped parcel on the south and a small oddly-shaped trapezoid parcel on the northeast.
We think that the lower court was in error in dismissing Dragline’s bill of complaint for reformation and removing clouds on title and in granting the prayer of the cross-bill that the parcel intended to be conveyed by the defendants was an exact 3-acre square — no more and no less. The evidence, both oral and documentary — especially the language of the quitclaim deed itself — does not support the findings and conclusions of the lower court.
For these reasons, the decree for defendants and cross-complainants is reversed and judgment rendered here for the complainant and cross-defendant, S. & S. Dragline Service, Inc. confirming and quieting the title of Dragline to 8/9ths of the surface of the .7 acre parcel of land described in the bill of complaint (the other Vbth interest in the surface admittedly being still owned by Mrs. Myrtle White Baker), removing the claims of the defendants (except Mrs. Baker) as clouds upon the title of complainant to the surface of the .7 acre parcel.
The quitclaim deed of May 20, 1974, recorded in Deed Book 651 at Page 517, of the Land Deed Records of Lincoln County, will be reformed in accordance with the prayer of the bill of complaint to show the mutual intent of the seven grantors and grantee therein to include the surface of the entire parcel of 3.7 acres. The commissioner’s deed of November 14, 1978, recorded in Land Deed Book 683, Page 448, of the Lincoln County Land Records will be reformed to include the surface of the entire parcel of 3.7 acres in that conveyance, except as to a Vbth interest admittedly owned by Mrs. Baker in the .7 acre parcel since she did not join in the Quitclaim Deed of May 20, 1974.
The decree of the lower court is, therefore, reversed and this cause remanded to the lower court for the ordering of a partition sale of the surface of the .7 acre parcel (this parcel being incapable of partition in kind), with an %ths interest in the net proceeds to be paid to Dragline and a Vbth' interest in the net proceeds to be paid to Mrs. Baker.
REVERSED AND REMANDED.
SMITH, P. J., and SUGG, WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.
PATTERSON, C. J., takes no part.